# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| JOE ELERSON | § | |
| --- | --- | --- |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:15cv874 |
| | § | |
| COMMISSIONER, SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge, which contains her findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation (ECF 12) recommends that the decision of the Commissioner be affirmed and that the complaint be dismissed with prejudice. Plaintiff filed a written objection on July 24, 2017.

In this case, the ALJ issued a partially favorable decision finding Plaintiff disabled after January 14, 2011. As a result, the relevant time period for this complaint seeking judicial review of the Commissioner's decision is from the alleged onset date of August 1, 2009 through January 14, 2011. Plaintiff's objection to the Report and Recommendation is limited to one issue—the ALJ's evaluation of one treating physician's medical source statement. Plaintiff asserts that the ALJ failed to properly apply the factors set forth in 20 C.F.R. § 404.1527(d)(2) when considering Dr. Danielson's opinion.

Plaintiff raised this issue in the original briefing and it was addressed in the Report and Recommendation. The ALJ assigned little weight to two medical source statements completed by

1

Dr. Danielson because the opinions appeared to be based on Plaintiff's limitations during the months following surgery rather than after a full recovery. Dr. Danielson performed surgery on Plaintiff in February 2010 and then completed the medical source statements in April and August of 2010. The ALJ concluded that the medical evidence showed that Plaintiff's condition improved within 12 months of the surgery and later evaluations were inconsistent with Dr. Danielson's source statements.

The opinions of treating physicians are generally given considerable weight. 20 C.F.R. § 404.1527. The opinion of a treating physician is not conclusive, however, and may be assessed little weight when good cause is shown. *Perez v. Barnhart*, 415 F.3d 457, 466 (5th Cir. 2005). Rejecting a treating physician's opinion requires some explanation by the ALJ. *Kneeland v. Berryhill*, 850 F.3d 749 (5th Cir. 2017) (citing *Loza v. Apfel*, 219 F.3d 378, 395 (5th Cir. 2000). Before rejecting a treating or examining physician's opinion, an ALJ must consider the opinion in the context of 20 C.F.R. §404.1527(d)(2), which outlines the following criteria for consideration: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). This analysis is unnecessary, however, if there is contrary and reliable medical evidence. *Id.* at 453.

Here, the ALJ provided an explanation for the weight provided for Dr. Danielson's opinion. In contrast with the *Kneeland* case relied upon by Plaintiff,[1] the ALJ did not wholly reject Dr. Danielson's opinion or fail to acknowledge it. Instead, the ALJ considered the opinion and

---

[1] *Kneeland*, 850 F.3d at 759–60.

assessed the amount of weight to assign the opinion. The ALJ's expressed reasons for assigning little weight to the opinion show consideration of at least some of the § 404.1527 factors, even though the ALJ did not cite that standard. In addition, the summarized medical record in the ALJ's opinion contains all of the other information required for assessment of the § 404.1527 factors and that information was before the ALJ. *See Rollins v. Astrue*, 464 Fed.Appx. 353, 358 (5th Cir. 2012). Further, the ALJ determined that Dr. Danielson's opinion was contrary to the evidence of record, which would make the § 404.1527 factors unnecessary. The ALJ provided specific, appropriate reasons for the weight assigned to Dr. Danielson's opinion and, even if the ALJ committed a procedural error, Plaintiff's substantive rights were not affected. *Id.* The ALJ's findings are supported by substantial evidence.

Having made a *de novo* review of the objection filed by Plaintiff, the findings, conclusions and recommendation of the Magistrate Judge are correct and Plaintiff's objection is without merit. It is therefore

**ORDERED** that the Plaintiff's objection is **OVERRULED** and the Report and Recommendation (ECF 12) is **ADOPTED**. The decision of the Commissioner is **AFFIRMED** and this Social Security action is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that any motion not previously ruled on is **DENIED**.

So **ORDERED** and **SIGNED** this **22** day of **September, 2017.**

_____
Ron Clark, United States District Judge